[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 15256
Consistent with the colloquy held in open court on Friday, November 12, 1999, the parties are hereby ordered to submit written memoranda of law as indicated in this order.
Initial briefs shall be filed no later than 30 days after the transcripts of the hearing on plaintiff's application for prejudgment remedy become available. Counsel shall jointly inform the court in writing as to when those transcripts have become available.
Responsive briefs shall be submitted within 14 days of the filing of the initial briefs. Parties are permitted, but not required, to file responsive briefs.
Counsel are requested jointly to provide a transcript of the subject advertisement along with copies of their initial memoranda.
In their initial memoranda, the parties shall discuss the following issues, with due regard for applicable state and federal law:
1. What are the elements of each of plaintiff's theories of recovery? Please site to relevant cases.
2. What statements and/or communications, precisely, does plaintiff allege are defamatory and/or place plaintiff in a false light?
a. Can any of these statements properly be characterized as statements of opinion? See, e.g., Greenbelt Cooperative PubAss'n., Inc. v. Bresler, 398 U.S. 6 (1970).
b. Discuss whether the communications were about matters of legitimate public interest.
3. What was plaintiff's status at the time of the events in question? Was he a private figure; a public official; or CT Page 15257 something else? See Sack, Libel, Slander and Related Problems,
(PLI 1980), Chapter V, "Standard of Conduct."
a. What evidence and caselaw supports this conclusion?
4. With respect to the allegations of defamation and/or false light invasion of privacy:
a. What must plaintiff prove to prevail? See Sack,Libel, Slander and Related Problems, (PLI 1980), at pages 399-400.
b. Must plaintiff prove that defendants acted with "actual malice" as that term is defined in New York Times v.Sullivan, 376 U.S. 254, 279-80 (1963), e.g., with knowledge that it was false or reckless disregard of whether it was false or not?
1. If so, pursuant to what authority?
2. If so, what is the evidence that defendant acted with "actual malice"?
a. Can plaintiff prevail if he shows merely that defendants acted negligently with respect to the communications at issue?
3. If so, pursuant to what authority? See, e.g., Rinsley v.Brandt, 446 F. Sup. 850 (D. Kan. 1977).
4. If so, what is the evidence defendants acted negligently?
See generally, Time, Inc. v. Hill, 385 U.S. 374 (1967);Rosenblatt v. Baer, 383 U.S. 75 (1966); Rosenbloom v. Metromedia,Inc., 403 U.S. 29 (1971); Gertz v. Welch, 418 U.S. 323 (1974);Cantrell v. Forest City Publishing Co., 419 U.S. 245 (1974); CoxBroadcasting v. Cohn, 420 U.S. 469 (1975); Time, Inc. v.Firestone, 424 U.S. 448 (1976); and Goodrich v. WaterburyRepublican American, 188 Conn. 107 (1982).
5. Please include in the above analysis a discussion of the impact of the following on this case:
a. The First Amendment to the United States Constitution. CT Page 15258
b. The fact that the advertisement was run during a political campaign.
c. The existence of any potentially applicable privileges.
6. Please discuss the evidence and caselaw as it relates to the allegations of intentional and negligent infliction of emotional distress.
If necessary, further briefing or oral argument may be required.
Douglas S. Lavine Judge, Superior Court